UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD W. REYENGA,<br>Petitioner | CIVIL ACTION NO. 1:19-CV-140-P |
| VERSUS | JUDGE DEE D. DRELL |
| SHERIFF'S OFFICE RED RIVER PARISH, ET AL.,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Donald W. Reyenga ("Reyenga") (#17309-035). Reyenga is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Reyenga complains that a state detainer is preventing him from participating in certain programs in prison.

Because Reyenga cannot establish the violation of a constitutional right, his Petition (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

### I. Background

Reyenga pleaded guilty to a single count of felon in possession of a firearm in the Shreveport Division of this District Court. At his sentencing proceeding, the Court determined that Reyenga was an Armed Career Criminal under the provisions of 18 U.S.C. § 924(e), and Reyenga was sentenced to a term of imprisonment of 192 months. (5:14-cr-117). Following Johnson v. United States, 135 S. Ct. 2551 (2015) and Mathis v. United States, 136 S. Ct. 2243 (2016), Reyenga was resentenced to a

term of imprisonment of 120 months, which was an upward departure from the Sentencing Guidelines. (5:14-cr-117, W.D. La., Doc. 49, p. 12). Reyenga's appeal of the sentence is pending in the United States Court of Appeals for the Fifth Circuit. (Docket No. 18-30995, 5th Cir.).

Reyenga alleges that a detainer was issued, as Reyenga has several unexecuted warrants in Red River Parish. Reyenga alleges the warrants involve the same criminal conduct that resulted in his federal conviction. (Doc. 1). It is unknown whether the State ultimately intends to prosecute Reyenga on those charges at the end of his federal prison term, but as of the date of Reyenga's re-sentencing, Red River Parish had not executed or withdrawn the warrants. (5:14-cr-117, Doc. 49, pp. 5-6). Thus, no charges are pending against Reyenga.

Reyenga alleges that the detainer results in a higher custody classification and renders him ineligible for certain federal programs. (Doc. 1). Reyenga asks the Court to order the Red River Sheriff's Department to arrest Reyenga and formally charge him.

Reyenga sought a writ of mandamus in the Louisiana Second Circuit Court of Appeal requesting that the trial court be ordered to act on any pending state charges. The appellate court confirmed with the 39th Judicial District Court that there were six outstanding warrants for Reyenga's arrest, but no pending charges. The appellate court noted it had no authority to order Reyenga's arrest. (Doc. 5-1, p. 15).

II. <u>Law and Analysis</u>

Although § 2241 contains no exhaustion requirement, the Fifth Circuit generally requires that a petitioner seeking relief under § 2241 first exhaust his state remedies. See <u>Richie v. Scott</u>, 70 F.3d 1269 (5th Cir. 1995); 28 U.S.C. § 2241(c)(3). Reyenga did not seek review in the Louisiana Supreme Court, so his claim is not exhausted.

Regardless, Reyenga has provided no authority indicating that he has a due process right to be arrested. Since the warrants have not been executed, no procedural rights have been violated. At Reyenga's re-sentencing, his attorney indicated: "Red River has not and doesn't seem to be willing to dismiss those state court charges." (5:14-cr-117, Doc. 49, pp. 5-6). A federal court should abstain from interfering with state criminal proceedings except under extraordinary circumstances. <u>Younger v. Harris</u>, 401 U.S. 37, 53–54 (1971). Reyenga has provided no authority for this Court to order the state to prosecute him or withdraw its warrants. However, Reyenga may ask his court-appointed attorney to make another inquiry with Red River Parish.

Although Reyenga cites <u>Smith v. Hooey</u>, 393 U.S. 374 (1969) in support of his claim, <u>Smith</u> involved a prisoner's right to a speedy trial following an indictment in state court. Reyenga has not yet been arrested, so there has been no indictment.

Reyenga complains that the detainer prohibits him from participating in certain programs and affects his custody classification. (Doc. 1). However, a prisoner

has no due process right to a certain classification or participation in prison programs. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976).

### III. Conclusion

Because Reyenga cannot establish the violation of a constitutional right, IT IS RECOMMENDED that the Petition (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __25th__ day of April, 2019.

                                                                  _____
                                                                  Joseph H.L. Perez-Montes
                                                                  United States Magistrate Judge